UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTOPHER LOYD,                                Case No. 25-10103
                       Plaintiff,

v.                                              Denise Page Hood
                                                United States District Judge

BRADLEY COKER, BALLUFF
(CANADA) INC., and LIBERTY                      Curtis Ivy, Jr.
SURPLUS INS. CO.,                               United States Magistrate Judge
                       Defendants.
_____/

**ORDER STRIKING PLAINTIFF'S DEMAND (ECF No. 10) AND
GRANTING MOTION FOR PROTECTIVE ORDER (ECF No. 11)**

This case was recently referred to the undersigned for all pretrial

proceedings excluding dispositive motions.  (ECF No. 13).  Before the Court are

Plaintiff's demand for specific recitation of fact for every affirmative defense (ECF

No. 10) and Defendants Coker and Balluff Inc.'s motion for entry of a qualified

protective order (ECF No. 11).

Plaintiff's demand is **STRICKEN** for two reasons.  First, the Court does not

act on notices or demands from parties.  The Court acts only on motions filed in

accordance with this Court's Local Rules 5.1 and 7.1.  Second, Plaintiff's demand

for specific recitation of facts for every affirmative defense comes under Michigan

Court Rule 2.111(F)(3)(a).  The Michigan Court Rules do not apply to procedural

matters in diversity jurisdiction cases such as this.  The Federal Rules of Civil

Procedure apply, and those rules do not require that affirmative defenses include facts supporting each defense.  *See* Fed. R. Civ. P. 8(b)(1); *Green v. Mason*, 504 F. Supp. 3d 813, 831 (S.D. Ohio 2020) ("[P]leading standards in federal court are a matter of procedure, not substance.  Thus, while *Erie* calls for the Court to apply Ohio's *substantive* law to this diversity action, pleading requirements remain governed by federal law.").  So Plaintiff's demand is both procedurally and substantively improper.

Defendants Coker and Balluff Inc. seek entry of a protective order that would authorize the disclosure of Plaintiff's personal health information protected under the Health Insurance Portability and Accountability Act ("HIPAA").  According to defense counsel, Plaintiff's counsel did not respond to a May 19, 2025, email seeking concurrence in the entry of the proposed order.  (ECF No. 11, PageID.114).  Nor did Plaintiff file a response in opposition to the Defendants' motion.  So the Court considers the motion and entry of the proposed HIPAA order unopposed.  The Court reviewed the proposed order and finds it reasonably calculated to allow the efficient and safe transmission of information relevant to this personal injury case.  Thus, the motion is **GRANTED**.

Defendants are directed to submit the proposed order attached as Exhibit C to the motion to the undersigned through the "utilities" function in CM/ECF **on or before July 29, 2025**, for the Court's review and signature.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.


Date: July 22, 2025                             s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

3